IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,773-01






EX PARTE DAVID ANDREW MENDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 975373-A IN THE 331ST DISTRICT COURT


FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to
life imprisonment. The Third Court of Appeals affirmed his conviction. Mendez v. State, No. 03-03-00571-CR (Tex. App. - Austin, 2004, pet. ref'd.) (Not designated for publication).

 Applicant contends that the State failed to disclose that they arranged for Paul Alba to be
transferred to federal custody in exchange for his testimony against Applicant. Also, Applicant alleges that
the State sponsored false testimony when they allowed Alba to testify that he had not been given a deal in
exchange for his testimony. Also, Applicant alleges that his trial counsel rendered ineffective assistance
because he failed to investigate potential witness whose testimony could have been used to impeach Alba's
testimony, he failed to investigate potential witnesses who could have testified that Applicant's parents gave
him the $3,500.00 found in his apartment, and he failed to investigate potential witness who could have
testified that the cocaine seized in Applicant's apartment belonged to Applicant's roommate.

 Applicant has alleged facts that, if true, might entitle him to relief. Brady v. Maryland, 373 U.S.
83 (1963); Giglio v. U.S., 405 U.S. 150 (1972); and Strickland v. Washington, 466 U.S. 608 (1984). 
 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294,
294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall order Assistant District Attorney Buddy Meyer to file an affidavit explaining whether he arranged for
Alba to be transferred to federal custody and, if so, whether said transfer was arranged in exchange for
Alba's testimony against Applicant. The trial court shall order Assistant District Attorney Gary Cobb to
file an affidavit explaining whether Travis County District Attorney's Office arranged for Alba to be
transferred to federal custody and, if so, whether Cobb was aware of said arrangement when he questioned
Alba about Applicant's jailhouse confession. The trial court shall order Travis County Employee Robin
Osborne to file an affidavit explaining whether she wrote the e-mail concerning Alba contained in the
habeas record and, if so, why A.D.A. Meyers arranged for Alba to be held in Travis county jail for two
additional weeks. The trial court shall also order Travis County District Attorney's Office to forward any
letters or copies of letters they have on file from attorney Jorge Penada concerning Alba as well as other
documents which are pertinent to Applicant's habeas claims. The trial court shall also order Applicant's
trial counsel to file an affidavit explaining whether the Travis County District Attorney's Office arranged for
Alba to be transferred to federal custody and, if so, why counsel decided not raise this issue at trial or in
the motion for a new trial. Also, the trial judge shall order counsel to respond to Applicant's claims of
ineffective assistance of counsel. The trial court shall also forward a copy of the transcription of the court
reporter's notes from the motion for a new trial to this Court as part of the supplemental habeas record.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve
the issues raised in Applicant's petition. If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the State arranged for Alba to be
transferred to federal custody in exchange for his testimony against Applicant and, if so, whether Cobb was
aware of said arrangement when he questioned Alba about Applicant's confession during trial. The trial
court shall make findings of facts as to whether the performance of Applicant's trial attorney was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make
findings of fact as to whether counsel raised the Brady claim concerning the State's failure to disclose that
they arranged for Alba's transfer to federal custody at trial or in the motion for a new trial and, if not,
whether there was any factual basis for raising said Brady claim at those times. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: October 10, 2007

Do not publish